The Court **DENIES** Defendant's request for a stay of both discovery and the Initial Case Management Conference on **October 6, 2026**. Rather, the conference will proceed as scheduled, and the Court will address Defendant's request at that time.

Plaintiff may respond in writing by **September 29, 2026**. This submission is not to exceed three pages.

Defendant is reminded that, as laid out in this Court's individual rules at II.A, "to the extent citing unreported cases, parties are requested to use Westlaw citations whenever possible". If cases **are** reported or published, the Court expects the citation to include the official / reporter citation wherever one exists.

**SO ORDERED.**

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
September 17, 2026

September 15, 2026

***Via ECF***

Hon. Jennifer E. Willis
United States Magistrate Judge
United States District Court, Southern Di
500 Pearl Street, Courtroom 228
New York, New York 10007

**Re: Jasmine Kaur v. JAG Pl**
**Case No. 1:26-CV-04715**
**Case No. 1-26-CV-04710**
**Our File No.: 12035.0218**

Dear Judge Willis:

This office represents Defendant One on One Physical Therapy, LLC *s/h/a* JAG Physical Therapy ("JAG"), in the above-referenced matters. We respectfully write to request a stay of the Court's August 19, 2026 Orders directing the Parties to appear for an initial case management conference on October 6, 2026, and submit proposed discovery schedules in advance of same. *See* Dkt. No. 23 (both matters). As explained further below, a stay of discovery is warranted, in light of the two pending motions to dismiss the matters in their entirety.

**Background**

These matters involve allegations by *pro se* Plaintiff that Defendant denied a "patient" treatment, due to the patient's disability (Case No. 1-26-CV-04710) and the patient's age (Case No. 1-26-CV-04715), in violation of the Americans with Disabilities Act (the "Disability Act") and the Age Discrimination Act of 1975 (the "Age Act"), respectively. In addition, Plaintiff's sole requested relief is for monetary damages of $7 million for each of her claims (a total of $14 million).

The initial conference is currently scheduled for October 6, 2026 and requires that the Parties submit a proposed discovery schedule (for both matters) by on or before September 29, 2026. *See* Dkt. No. 23 (both matters).

In the interim, Defendant filed a motion to dismiss Plaintiff's Disability Act Claim (Dkt. Nos. 18 to 21) on the following bases:

I. Plaintiff lacks standing to maintain her Disability Act claim, since she suffered no injury herself;

II. Plaintiff, as a non-attorney, cannot proceed as a *pro se* litigant on behalf of a minor child;

III. Plaintiff cannot dispute the patient was not denied access to treatment;

IV. Plaintiff's claim merely challenged medical judgment, which is not disability-based discrimination; and

V. Plaintiff's sole requested damages are not recoverable under the Disability Act.

In addition, Defendant also moved to dismiss Plaintiff's Age Act Claim (Dkt. Nos. 18 to 21) on the following bases:

I. Plaintiff lacks standing to maintain her Age Act claim, since she suffered no injury herself;

II. Plaintiff, as a non-attorney, cannot proceed as a *pro se* litigant on behalf of a minor child;

III. Plaintiff failed to exhaust her administrative remedy and notice requirements;

IV. Defendant's actions fall under the Age Act's statutory exemptions; and

V. Plaintiff's sole requested damages are not recoverable under the Age Act.

**Stay Request**

Defendant respectfully submits that it has good cause for a stay of discovery pending the resolution of its two motions to dismiss. On a showing of "good cause," a court may stay discovery "during the pendency of a motion to dismiss." *Robert D. Press v. Primavera*, 2022 U.S. Dist. LEXIS 226954, at *4 (S.D.N.Y. Dec. 16, 2022) (*citing Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 [S.D.N.Y. July 9, 2018]); *see also* Fed. R. Civ. P. 26(c). Courts have considerable discretion in determining whether a stay is warranted. *Id.* (*citing Kaplan v. Lebanese Canadian Bank SAL*, 610 F. Supp. 3d. 533 [S.D.N.Y. July 7, 2022]); *see also Bey v. Adams*, 2026 U.S. Dist. LEXIS 133323, *1 (S.D.N.Y. Jun. 12, 2026) ("A court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." [*citing Kashi v. Gratsos*, 790 F.2d 1050, 1057 [2d Cir. 1986] [*internal quotations omitted*]).

In exercising such discretion, courts "…in this district generally consider: the interests of the defendant, the interests of the plaintiffs in proceeding with the litigation, the public interest, and the interests of the court and third parties." *Bey*, 2026 U.S. Dist. LEXIS 133323, *1-2 (*citations omitted*).

Here, Defendant's two motions to dismiss are dispositive in nature and may potentially obviate the need for discovery, should the Court grant same. *Bey*, 2026 U.S. Dist. LEXIS 133323, *2 (*citations omitted*); *see also Gross v. Madison Square Garden Ent. Corp.*, 2023 U.S. Dist. LEXIS 185775, *3-4 (S.D.N.Y. Oct. 17, 2023) ("Other courts have granted a stay of discovery when a motion to dismiss is potentially dispositive, and appears to be not unfounded in law." [*internal quotations and citations omitted*]).

In addition, a stay will not prejudice Plaintiff in her claims, as it may help potentially streamline her claims, if any remain. *See Sharma v. Open Door NY Home Care Servs.*, 2024 U.S. Dist. LEXIS 54145, at *9 (S.D.N.Y. Mar. 26, 2024) (Plaintiff will suffer little prejudice as a result of a stay where a case is still in its early stages); *see also Gross*, 2023 U.S. Dist. LEXIS 185775, *6 (A stay "may also have the advantage of simplifying and shortening discovery in the event that some of plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." [*citation omitted*]); *London v. Sony Music Publ'g*, 2025 U.S. Dist. LEXIS 223994, *4 (S.D.N.Y. Nov. 13, 2025) ("Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay." [*citation omitted*]).

Moreover, while "[i]t is true that a stay of discovery will delay this lawsuit in certain

respects[,]…this case is not even a year old, and a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Gross*, 2023 U.S. Dist. LEXIS 185775, *6 (*internal quotations and citations omitted*).

Furthermore, the likely success of Defendant's two motions to dismiss supports the issuance of a stay. As fully discussed in Defendant's two motions, it has strong bases for dismissal as a matter of law, including, *inter alia*, that Plaintiff lacks standing to bring her claims, her requested form of relief is not recoverable under the Disability Act and Age Act, and the documentary evidence establishes that the "patient" was not discriminated against. As Defendant's success on its two motions to dismiss would likely dispose of both actions, these factors also weigh in favor of granting the requested stay. *See Robert D. Press*, 2022 U.S. Dist. LEXIS 226954, at *4 (*citing Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 U.S. Dist. LEXIS 89789, at *2 [S.D.N.Y. May 10, 2021]) (granting stay of discovery where motion to dismiss was "potentially dispositive").

**Conclusion:**

For the foregoing reasons, Defendant respectfully submits that the Court should grant its request for a stay of discovery in Plaintiff's Disability Act and Age Act claims.

Thank you for your consideration.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Yusha D. Hiraman
Aaron A. Bengart

CC: ***Via ECF, Electronic Mail, and Federal Express Overnight***
Jasmine Kaur
*Pro se Plaintiff*
1135 Teller Avenue, Apt. 6F
Bronx, New York 10456
nycjasminedisneymom@gmail.com