WILSON ELSER

The requests to file certain medical records under seal are **GRANTED**. Plaintiff did not provide her position. The Court finds that the privacy interests in the personal medical records of a minor child outweigh the public right of access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

The Clerk of Court is respectfully directed to close Dkt. Nos. 16 in both Case No. 26-cv-4710 and 26-cv-4715.

**SO ORDERED.**

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
October 5, 2026

July 24, 2026

***Via ECF***

Hon. Jennifer E. Willis
United States Magistrate Judge
United States District Court, Southern District of
500 Pearl St, Courtroom 228
New York, New York 10007

**Re: Jasmine Kaur v. JAG Physical T**
**Case No. 1:26-CV-04715 (JHR)**
**Case No. 1-26-CV-04710 (JHR)**
**Our File No: 12035.02180**

Dear Judge Willis:

Our office represents Defendant One on One Physical Therapy, LLC s/h/a JAG Physical Therapy ("JAG"), in the above-referenced matters. We write pursuant to Your Honor's Rule II(E) and Your Honor's Orders, dated July 22, 2026. *See* Dkt. No. 15 (Disability) and Dkt. No. 15 (Age), to respectfully request that JAG be permitted to file certain records under seal. *See* **Exhibit 1**, Records for Review (Highlighted for redactions and filed separately under seal).

Specifically, in JAG's July 9, 2026 pre-motion letter (Dkt. No. 11 [Disability] and Dkt. No. 12 [Age]), JAG included a footnote advising the Court that it anticipates needing to reference portions of confidential medical records of a non-party minor patient in its forthcoming motion to dismiss. These documents are pertinent to support JAG's position that Plaintiff Jasmine Kaur ("Plaintiff") not only lacks standing to bring disability and age discrimination claims, but also that she cannot dispute that treatment was provided and that there was a medical basis for transferring said treatment, which is not a cognizable discrimination claim.

In considering a motion to seal, the Court undertakes the following three-part analysis: (1) Is the document a judicial document?; (2) If the document is a judicial document, then the Court assesses the weight of presumption relative to public access; and (3) The Court assesses whether there are any competing considerations that outweigh that presumption. *See J.L. v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 13609, *5 (S.D.N.Y. 2024) (*citations omitted*).

Here, while discovery has not yet started, the information in **Exhibit 1** is pertinent to the Court's assessment of JAG's motion to dismiss and, as a result, may be considered judicial documents. *Id.*, at *5-6 (*citations omitted*). In addition, while these documents may be used in support of JAG's motion to dismiss, there are privacy considerations related to a minor's medical diagnoses that should outweigh the presumption of public access to those records. *See id.*, at *6-7 ("Courts also generally permit medical and other sensitive information of minors to remain under seal. [*citation omitted*]). *Specifically*, the records at issue disclose the non-party minor's medical and other diagnoses, which, if publicly disclosed, could cause significantly more harm to the minor than it would benefit any public interest if it were publicly accessible. Given the sensitive

Case 1:26-cv-04710-JHR-JW Document 16 Filed 06/05/26 Page 2 of 2



nature and its potential for misuse against a non-party minor here, the privacy interest outweighs the presumption of public access.

As a result, we respectfully request that JAG be allowed to file **Exhibit 1** under seal, along with the redactions required by Federal Rule of Civil Procedure 5.2.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Yusha D. Hiraman
Aaron A. Bengart